**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff/Respondent,**

**v.** **CIV 05-0391 JP/LAM**
**CR 00-1462 LH**

**EVANGELIO ALVEREZ,**

**Defendant/Movant.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Movant's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (hereinafter "*Motion*") filed on May 12, 2005. *(Doc. 4.)* Movant filed a ***Supplemental Memorandum in Support of Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (hereinafter "*Supplemental Memorandum in Support of Motion*") on June 8, 2005. *(Doc. 5.)* Respondent filed ***Respondent United States' Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255*** (hereinafter "*Answer*") on August 29, 2005. *(Doc. 9.)* On September 19, 2005, Movant filed ***Petitioner's Reply Brief*** (hereinafter "*Reply*"). *(Doc. 10.)* Having considered the arguments of the parties, the record, relevant law and being fully advised, the Court **FINDS** that the motion should be **DENIED**. Because the issues are resolved on the pleadings and the record established conclusively that Movant is not

[1]The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. § 2255; Rule 8(a), *Rules Governing Habeas Corpus Under Section 2255*; *Trice v. Ward*, 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

**Factual and Procedural Background**

Movant and his co-defendants were charged by indictment with one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count I of the Second Superseding Indictment); and one count of possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count IV of the Second Superseding Indictment). *Answer, Doc. 9* at 1, 3. As the rest of the defendants pled guilty, Movant was the only defendant that went to trial where the jury reached a verdict. *Id.* at 3. On September 26, 2001, the jury convicted Movant of Count I but was unable to reach a unanimous verdict on Count IV. *USA v. Alvarez*, CR 00-1462 LH, *Verdict, Doc. 191*.[2] Movant was sentenced to 151 months in prison. *Id., Judgment in a Criminal Case, Doc. 284.*

Movant appealed his conviction to the Tenth Circuit Court of Appeals and on September 25, 2003, the Tenth Circuit affirmed his conviction in an order and judgment. *United States v. Alvarez*, No. 02-2326 (10th Cir. Sept. 25, 2003) (unpublished), *Order and Judgment, Doc 317*. On April 7, 2005, Movant filed ***Motion for Leave to File an Overdue Habeas Petition Under 28 U.S.C. § 2255, Based on Counsel's Alleged Failure to Advise Defendant of Denial of His Direct Appeal Within the One Year Limitations Period; Declaration of Evangelio Alverez in Support of Motion*** *(Doc. 1)* in the United States District Court for the District of New Mexico. On April 18, 2005, Senior Judge

[2]The Court notes that in the instant motion Movant spells his name as "Alverez" but in the underlying criminal case his name is spelled as "Alvarez." The Court will use the alternate spellings as used in each case without reference to the discrepancy.

James A. Parker granted Movant an extension of thirty (30) days to file a § 2255 motion. *(Doc. 3.)*

In the order granting Movant's motion, Judge Parker noted that

> 'Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress' clear intent to accelerate the federal habeas process.' *Washington v. United States*, No. 99-3383, 2000 WL 985885, at **2 (10th Cir. July 18, 2000) (denying tolling for inability to obtain transcripts). And, typically, equitable tolling may be determined only after a § 2255 motion is filed. *See United States v. Verners*, No. 01-5000, 2001 WL 811719, at **2 (10th Cir. July, 2001).

*(Doc. 3* at 1.) Judge Parker's order also stated that "[n]o opinion is expressed or implied herein as to the expiration date of the one-year limitation period applicable to Defendant's sentence." *Id.* at the second page.) On May 12, 2005, Movant filed the instant ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 4)*.

In this § 2255 Motion, Movant asserts three claims of ineffective assistance of counsel and a fourth claim asserting that actions by the trial prosecutor were "in violation of International Treaties and Executive Order 13107." *(Motion, Doc. 4* at 8.) Respondent's *Answer* argues that Movant's § 2255 Motion is untimely, the ineffective assistance of counsel claims are without merit, and that the government did not violate international treaties by plea bargaining with witnesses in exchange for their testimony. *(Answer, Doc. 9* at 9-16.)

**<u>Timeliness of § 2255 Motion</u>**

Movant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which establishes a one-year limitations period for federal prisoners seeking habeas relief. *See* 28 U.S.C. § 2255, ¶6.[3] For Movant, "the date on which the judgment of conviction becomes

[3]"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of- -

final," is the applicable section because the record contains no indication of governmental action preventing Movant from making a motion, a newly recognized right made retroactively applicable, or newly discovered facts. "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). On September 25, 2003, the United States Court of Appeals for the Tenth Circuit issued an order and judgment affirming Movant's conviction, thereby making the conviction final. *United States v. Alvarez*, No. 02-2326 (10th Cir. Sept. 25, 2003) (unpublished). Movant did not file a petition for a writ of certiorari with the United States Supreme Court, thereby triggering the one-year limitation on filing a § 2255 petition beginning on December 24, 2003 (*i.e.*, September 25, 2003, the date conviction became final, plus 90 days to file a petition for writ of certiorari with the Supreme Court). Thus, Movant's petition pursuant to § 2255 had to be filed by the one-year "anniversary date" of December 24, 2004. As stated above, Movant filed the instant ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 4)* on May 12, 2005, which is clearly outside the one-year statute of limitations. Absent another triggering date, Movant's § 2255 petition is untimely.

---

> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255.

As indicated by the dates set forth above, Movant's petition was filed after the expiration of the one-year limitation period in § 2255. Movant's claims are thus barred and must be dismissed unless there is a basis for equitable tolling. Movant claims he failed to timely file his petition pursuant to § 2255 due to "counsel's alleged failure to advise him that his direct appeal had been denied (or his conviction and sentence affirmed) within the one year statute of limitations period." *(Doc. 1 at page one.)*[4]

Equitable tolling is available only "in rare and exceptional circumstances." *Gunderson v. Abbott*, 2006 WL 752038 at *2 (10th Cir. March 24, 2006) (unpublished) *quoting Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). The Tenth Circuit held it is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808. Movant blames his untimely filing on attorney error, "[h]owever attorney error is generally not a basis for equitable tolling of the federal habeas deadline." *Gunderson*, 2006 WL 752038 at *3; *see Salazar v. Lemaster*, 130 Fed. Appx. 208, 210 (10th Cir. 2005) (unpublished) ( "because counsel is not required in post-conviction proceedings, any miscalculation or inaction on the part of counsel or a prison litigation coordinator cannot constitute grounds to toll the statute."); *Merritt v. Blaine*, 326 F.3d 157, 169 (3d

---

[4]The Court is aware that Movant had difficulty contacting his appellate attorney, Marcia Milner, and included correspondence documenting this difficulty. *Motion for Leave to File an Overdue Habeas Petition, Doc. 1, Exhibits A-H*. Movant includes a letter from Ms. Milner dated October 23, 2003 in which she informed him of the Court of Appeals adverse decision, advised Movant of his right to file a petition of certiorari to the U.S. Supreme Court, noted the deadline to do so, and included the form to file the petition, albeit barely within the deadline to do so. *Id., Exhibit G*. Movant denies ever receiving the October 23, 2003 letter. *Motion for Leave to File an Overdue Habeas Petition, Doc.1* at 5. In a letter dated January 23, 2005, Ms. Milner reminded Movant that she had "explained that [she] would only handle the direct appeal to the Court of Appeals to the Tenth Circuit," and noted that she had not received Movant's letters because they had probably been mailed to the Federal Public Defender's Office in error. *Id., Exhibit F.*

Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling") (internal citations omitted); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]"(citation omitted.)). In this case, counsel's alleged failure to inform Movant that his conviction had been affirmed does not rise to the extraordinary circumstances required for equitable tolling. The Court finds that Movant's § 2255 petition was filed untimely with no basis for equitable tolling and that his claims are, therefore, time-barred. However, in the interests of justice, the Court addresses the merits of Movant's claims below.

**Ineffective Assistance of Counsel Claims**

Movant alleges three ineffective assistance of counsel claims including that (1) Movant's trial attorney failed to inform him that the government made a plea offer *(Motion, Doc. 4* at 6); (2) Movant's second attorney wrongly advised him to sign stipulations and to withdraw a motion to set aside verdict *(Motion, Doc. 4* at 7); and (3) Movant's attorney failed to recognize that his sentence exceeded the maximum authorized by jury findings alone *(Motion, Doc. 4* at 7).

To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged actions might be considered sound trial strategy. *Id*. at 689. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*. at 694. The *Strickland* decision notes that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." *Strickland*, 466 U.S. at 690. The Court may address the performance and prejudice components in any order and need not address both if it concludes that the defendant failed to satisfy either one of the two prongs.

In the first claim of ineffective assistance of counsel, Movant claims his attorney failed to inform him that the government had offered a plea. However, Movant's counsel, Francisco Mario Ortiz, offered a sworn affidavit stating:

> I met with Mr. Alvarez on many occasions . . . and explained to him the terms and benefits of the government's offer. I explained to Mr. Alvarez that if he rejected the plea offer and proceeded to trial, he was likely to receive a much longer sentence if he was convicted at trial. I even brought in an experienced attorney to give him a second opinion, who also advised him to take the plea, but he declined.

*(Answer, Exhibit 1, ¶ 6*). The Court finds that counsel's performance was not deficient and that Movant's claim of ineffective assistance of counsel is without merit, as counsel apparently did inform him of the plea offer and advised him to take the plea.

Movant alleges that his second attorney was ineffective in advising him to sign stipulations at sentencing regarding the drug amount and his leadership role and in advising Movant to withdraw the motion to set aside the verdict. "A defendant is free to waive objections to evidence by stipulation . . . in return for other concessions from the prosecution." *United States v. Aptt*, 354 F.3d 1269, 1280 (10th Cir. 2004). In *Aptt*, the Tenth Circuit also held that "one need not fully comprehend all the consequences of waiving [a] right. We think a stipulation, which by its very nature signals the intentional relinquishment of any and all rights to challenge the admissibility of the

stipulated evidence, is a clear example of waiver . . . ." *Id.* at 1281. The stipulations reduced Movant's guideline imprisonment range from 151 to 188 months, so counsel's advice was reasonable and of benefit to Movant. *USA v. Alvarez*, CR 00-1462 LH, *Stipulations, Doc. 281*. Movant also claims he made an uniformed decision to withdraw his motion to set aside the verdict, but court records indicate that the District Judge who sentenced Movant advised him that he was not required to enter into the stipulation but that the sentencing hearing would proceed. *Id., Clerk's Minutes, Sentencing Hearing, Doc. 282 at second page.* The District Judge then recessed the sentencing hearing so that the pre-sentence report (PSR) could be read and interpreted for Movant in Spanish. *Id.* Following the recess, the Movant indicated he had signed and understood the stipulations *(Id. at third page*) and his signature appears on the *Stipulations* document, which includes the language that "Defendant will withdraw his Motion to Set Aside Verdict [Doc. 268]." *Id., Stipulations, Doc. 281 at second page; see also Order, Doc. 287* ("Defendant Alvarez affirmed to the Court that he wished to withdraw his Motion to Set Aside Verdict and proceed to sentencing."). The Court finds that counsel's performance was not deficient and Movant's claim of ineffective assistance of counsel to be without merit, as counsel's advice was appropriate at the sentencing phase of the proceedings and Movant had an opportunity to express his concerns and voluntarily signed the stipulations and withdrew the motion to set aside the verdict

Finally, Movant alleges his counsel failed to recognize that his sentence exceeded the maximum authorized by jury findings alone and that the witnesses "all lied repeatedly under oath with the clear intent to mislead the Court and the jury." *Supplemental Memorandum in Support of Motion, Doc. 5* at 21. In the order affirming the conviction, the Tenth Circuit also affirmed the jury's credibility determination, noting that

> [o]ur review of the evidence reflected in the record and the briefs . . . is sufficient to support the jury's verdict. We will not provide a detailed recreation of all the evidence against Appellant which is found in the record. However, we do note that three separate witnesses testified about Appellant's involvement in the drug conspiracy . . . . We 'will not question the jury's credibility determinations or its conclusions about the weight of the evidence.' (citation omitted.)

*United States v. Alvarez,* No. 02-2326 at 3 (10th Cir. Sept. 25, 2003) (unpublished); *Order and Judgment, Doc. 317*.

The Court construes the Movant's allegation as a *Booker* claim in that he alleges his sentence was enhanced based on facts not found by the jury beyond a reasonable doubt. *United States v. Booker*, 125 S.Ct. 738 (2005). However, "*Booker* does not apply retroactively on collateral review, and [defendant's] claim may not be brought in this initial habeas review under 28 U.S.C. § 2255." *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005). As noted above, Movant's sentence was imposed pursuant to an agreed-upon stipulation and waiver of rights and not on an arbitrary finding by the sentencing judge. *USA v. Alvarez,* CR 00-1462 LH, *Stipulations, Doc. 281*.

Movant's allegations of ineffective assistance of counsel do not establish that there was a reasonable probability that the outcome of his trial would have been different or that his counsel rendered anything less than reasonable professional assistance and, therefore, his claims do not meet the test for ineffective assistance of counsel as required by *Strickland*. *Strickland v. Washington*, 466 U.S. 668 (1984) The Court recommends that Movant's claims of ineffective assistance of counsel be denied because they are time-barred and have no merit.

**<u>Violation of International Treaty</u>**

Movant also alleges that the government prosecutor violated an international treaty by using "solicited testimony . . . obtained in exchange for a benefit, favor, promise or advantage." *Motion,*

*Doc. 4* at 8; *see also Supplemental Memorandum in Support of Motion, Doc. 5, Exhibits C, D, E.* Specifically, Movant alleges that the prosecutor violated Article VI of the Inter-American Convention Against Corruption (and Executive Order 13107 that commands compliance with Article VI) "by hustling perjured trial testimony from cooperating witnesses in exchange for the omission of their full statutory sentence." *Reply, Doc. 10* at 10.

Movant admits that all his claims are asserted for the first time on collateral review. *Motion, Doc. 4* at 8. While ineffective assistance of counsel claims may be raised for the first time in a § 2255 proceeding (*United States v. Galloway*, 56 F.3d 1239, 1241 (10th Cir. 1995)), § 2255 does not afford a means "to test the legality of matters" not raised in a direct appeal, such as Movant's allegations of international treaty violations. *United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) ("[Section] 2255 is not available to test the legality of matters which should have been raised on appeal"); *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993). Accordingly, Movant's failure to raise the claim of a violation of international treaties on direct appeal procedurally bars the claim from being raised in this habeas proceeding unless Movant can show cause excusing the procedural default and actual prejudice resulting from alleged errors, or that a fundamental miscarriage of justice will occur if the claim is not addressed. *United States v. Frady*, 456 U.S. 152, 167-68, *reh'g denied*, 456 U.S. 1001 (1982).[5] Here there is no showing of cause for Movant's failure to raise the claim of a violation of international treaties on direct appeal and the Court finds the claim

[5]In this case, the government did not raise the procedural bar issue, but this Court "may raise and enforce it sua sponte, if doing so furthers 'the interests of judicial efficiency, conservation of scarce judicial resources, and orderly and prompt administration of justice." *United States v. Allen,* 16 F.3d 377, 378-79 quoting *Hines v. United States*, 971 F.2d 506, 509 (10th Cir. 1992).

is procedurally barred. On the merits, the Court also recommends denying any claim for prosecutorial misconduct as explained below.

In *United States v. Singleton*, the Tenth Circuit held that "[n]o practice is more ingrained in our criminal justice system than the practice of the government calling a witness who is an accessory to the crime for which the defendant is charged and having that witness testify under a plea bargain that promises him a reduced sentence." *United States v. Singleton*, 165 F.3d 1297, 1301 (10th Cir. 1999) (citations omitted); *see United States v. Juncal*, 1998 WL 525800 at *1 (S.D.N.Y. Aug. 20, 1998) ("The concept of affording cooperating accomplices with leniency dates back to the common law in England and has been recognized and approved by the United States Congress, the United States Courts, and the United States Sentencing Commission."(citations omitted)). The government prosecutor did not violate international treaties by plea bargaining with witnesses in exchange for their testimony. The Court finds that Movant's allegation of governmental misconduct is procedurally barred and has no merit.

**Conclusion**

The Court recommends that Movant's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 4.)* be dismissed with prejudice because it was not filed within the one-year limitations period pursuant to 28 U.S.C. § 2255 and because Movant's claims are procedurally barred and without merit.

**WHEREFORE**, **IT IS HEREBY RECOMMENDED** that Movant's ***Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** *(Doc. 4.)* be **DISMISSED with prejudice.**

Lourdes A. Martínez

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**