IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff/Respondent,**

v.                                                                            CIV 05-0391 JP/LAM
                                                                                CR 00-1462 LH

**EVANGELIO ALVAREZ,**

        **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S SECOND PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On May 1, 2007, Magistrate Judge Lourdes A. Martínez filed a *Second Proposed Findings and Recommended Disposition* ( "Second PF&RD") (Doc. No. 36).[1] On May 15, 2007, Defendant Evangelio Alvarez[2] filed timely objections to the Second PF&RD. *See Evangelio Alvarez's Objections to the Magistrate Judge's Second Proposed Findings and Recommended Disposition* ("Defendant's Objections") (Doc. No. 37).[3] The government did not file objections to the Second PF&RD. The Court has conducted a *de novo* review of those portions of the Second PF&RD to which Defendant Alvarez objects and has determined that it will adopt the

---

[1] Unless otherwise indicated, all document numbers referenced in this order are from Case No. CIV 05-0391.

[2] The Court notes that Defendant spells his name as "Alverez" here, although it was spelled as "Alvarez" in the underlying criminal case. At the evidentiary hearing, Magistrate Judge Martínez asked Defendant to clarify the spelling of his name and he confirmed that it is spelled "Alvarez." *See Transcript of Evangelio Alavarez' Evidentiary Hearing* (April 12, 2007) at 3.

[3] Defendant's Objections were re-filed as *Docket No. 39* ( May 23, 2007), in response to a notice of deficiency entered by the Clerk's Office.

Second PF&RD, deny Defendant Alvarez' motion for relief under 28 U.S.C. § 2255, and dismiss this case with prejudice.[4]

## I. BACKGROUND

Defendant Alvarez and five co-defendants were charged with one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count I of the Second Superceding Indictment), and one count of possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count IV of the Second Superceding Indictment).  *Order Adopting in Part the Proposed Findings and Recommended Disposition of the United States Magistrate Judge and Appointing Counsel from CJA Panel* at 2-3 (Doc. No. 13).  While his co-defendants pled guilty, Defendant Alvarez proceeded to trial.  On September 26, 2001 a jury convicted him of Count I of his indictment, but was unable to reach a unanimous verdict on Count IV.  *See Verdict* (Doc. No. 191) in *United States v. Alvarez*, CR 00-1462 LH.  The Court later sentenced Defendant Alvarez to 151 months imprisonment.  *See Judgment* at 2 (Doc. No. 284) in *United States v. Alvarez*, CR 00-1462 LH. The Tenth Circuit affirmed his conviction, prompting Defendant to initiate this proceeding under 28 U.S.C. § 2255.  *See United States v. Alvarez,* No. 02-2326 at 4 (10th Cir., September 25, 2003) (unpublished).

In his *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Defendant's § 2255 Motion") (Doc. No. 4), Defendant alleged ineffective assistance of counsel, contending in part that his trial attorney, Francisco Mario Ortiz, failed to inform Defendant about a plea offer made by the government on June 27, 2001.  *See*

---

[4] In accordance with 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

Defendant's § 2255 Motion at 6.  In its response to Defendant's § 2255 Motion, the government filed an affidavit from Mr. Ortiz in which he acknowledged receiving a plea offer for Defendant in June 2001 that would have dismissed Count I of the indictment and allowed Defendant to plead guilty to Count IV and be held accountable for only 5.9 grams of cocaine base at sentencing.  Mr. Ortiz also stated that he met with Defendant on many occasions to explain the terms and benefits of the plea offer as well as the likelihood that Defendant would receive a much longer prison sentence if he was convicted at trial.  Furthermore, Mr. Ortiz stated that he asked another experienced attorney to discuss the plea offer with Defendant and advise him to accept it, but that Defendant ultimately rejected the offer in favor of proceeding to trial.  *See Respondent United States' Answer in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255*, Exs. 1-2 (Doc. No. 9).

On November 30, 2006, the Court entered an *Order Adopting in Part the Proposed Findings and Recommended Disposition of the United States Magistrate Judge and Appointing Counsel from CJA Panel* (Doc. No. 13), dismissing all of Defendant's claims except for the single remaining ineffective assistance of counsel claim now at issue.  With respect to that claim, the Court found that the record contained conflicting evidence concerning whether Mr. Ortiz had conveyed the June 27, 2001 plea offer to Defendant prior to Defendant's trial.  *Id*. at 8.  Consequently, the Court appointed an attorney from the Criminal Justice Act ("CJA") Panel, Leon Schydlower, to represent Defendant in the proceedings related to the remaining claim.  *Id*. at 8-9; *see also CJA 20 Appointment of and Authority to Pay Court Appointed Counsel* (Doc. No. 14).  The Court instructed Defendant's CJA attorney and the government to confer and attempt to resolve the remaining issue.  *Id*. at 9.  In the event the parties could not informally resolve the

issue, the Court ordered counsel to submit supplemental briefs addressing the merits of the remaining claim to the Magistrate Judge, and if necessary, for the Magistrate Judge to hold an evidentiary hearing to determine the credibility of Defendant's and Mr. Ortiz' conflicting statements.  *Id*.

Because they were unable to resolve this issue, the parties submitted supplemental briefs and the Magistrate Judge subsequently conducted an evidentiary hearing on April 12, 2007.  At that hearing, Defendant Alvarez, Assistant United States Attorney ("AUSA") Terri Abernathy, Mr. Ortiz, and attorney Cesar Pierce-Varela testified concerning their recollections of the plea negotiations in Defendant Alvarez' criminal case.  *See Transcript of Evangelio Alvarez' Evidentiary Hearing* ( "Evidentiary Hearing Transcript ") (April 12, 2007) and *Transcript of Evangelio Alvarez' Evidentiary Hearing* (FTR) ( "Evidentiary Hearing Transcript (FTR))" (April 12, 2007).[5]  In addition, the government offered ten exhibits into evidence, all of which were admitted.  *See Exhibits to Clerk's Minutes* (Doc. No. 34).  The testimony and exhibits presented at the hearing revealed that the government proffered two plea offers to Defendant prior to his trial, one on June 13, 2001 and the other on June 27, 2001.  The terms of the June 13, 2001 plea offer ("June 13th offer") required Defendant to plead guilty to Counts I and IV of the Second Superceding Indictment, while the terms of the June 27, 2001 plea offer ("June 27th offer") dismissed Count I and required Defendant to plead guilty only to Count IV.  The June 27th offer also included a stipulation that the government would only hold Defendant accountable for 5.9 grams of cocaine base at sentencing.  *See* Evidentiary Hearing Transcript at 39-40; Evidentiary

---

[5] At the April 12, 2007 evidentiary hearing, the court reporter left the hearing approximately twenty minutes before it concluded, leaving the Court's FTR Gold recording system to record the remainder of the hearing. Consequently, there are two separate transcripts of the hearing with non-continuous pagination.

Hearing Transcript (FTR) at 4-5; *Exhibits to Clerk's Minutes*, Exs. 1, 10 (Doc. No. 34).  The central focus of the evidentiary hearing was Defendant's allegation that Mr. Ortiz failed to convey the form of the June 27th offer to or discuss its terms with Defendant prior to his trial.  The June 13th offer was not at issue.

On May 1, 2007, the Magistrate Judge issued a Second PF&RD in which she recommended that Defendant's single remaining claim of ineffective assistance of counsel be dismissed and that this case be dismissed with prejudice, because Defendant's allegations were "not credible."  *See* Second PF&RD at 18 (Doc. No. 36).  Defendant's objections followed shortly thereafter.

## II.    DISCUSSION

When a party objects to a Magistrate Judge's credibility findings, the district court must conduct a *de novo* review of the record, which includes reading the transcript of the evidentiary hearing.  *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998); *see also Gee v. Estes*, 829 F.2d 1005, 1008-09 (10th Cir. 1987).   Because Defendant's objections to the Second PF&RD challenge the Magistrate Judge's credibility findings, the Court has conducted a *de novo* review of the record, including reading the transcript of the evidentiary hearing.  The Court concludes that the Magistrate Judge correctly determined that Defendant's allegations were not credible, and, therefore, will adopt the Magistrate Judge's credibility findings in the Second PF&RD.  Furthermore, because Defendant's testimony was not credible, he cannot successfully establish his remaining ineffective assistance of counsel claim, as set forth more fully below.  Therefore, the Court will adopt the Magistrate Judge's recommended disposition of this case,

dismiss Defendant's remaining ineffective assistance of counsel claim with prejudice and dismiss this case with prejudice.

### A. DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S CREDIBILITY FINDINGS

In the Second PF&RD, the Magistrate Judge concluded that Defendant's proffered testimony in two areas was not credible. First, the Magistrate Judge found that Defendant's testimony concerning Mr. Ortiz' alleged failure to convey the June 27th offer and its terms to Defendant prior to trial was not credible. *See* Second PF&RD at 18-20. Second, the Magistrate Judge found that Defendant's testimony that Mr. Ortiz "never" discussed that plea offer with Defendant prior to trial was not credible. *See* Second PF&RD at 18 (Doc. No. 36). As set forth more fully below, both of Defendant's objections are substantively identical and may be addressed simultaneously.

Defendant first objects to, what he characterizes as, the Magistrate Judge's finding that Defendant's testimony concerning Mr. Ortiz' alleged failure to "forward the [June 27, 2001] plea agreement" to Defendant was not credible. Defendant's Objections at 1 (Doc. No. 37). As a preliminary matter, the Court notes two errors in Defendant's objection. First, the June 27th offer was not a "plea agreement," but rather an offer for Defendant to consider. Second, Defendant's objection misstates the Magistrate Judge's finding. Instead of considering only the narrow issue of whether Mr. Ortiz forwarded the document conveying the June 27th offer to Defendant, the Magistrate Judge correctly considered the broader issue of Defendant's credibility with respect to his allegation that Mr. Ortiz failed to inform Defendant of the existence of the June 27th offer or its terms prior to trial. *See* Second PF&RD at 18 (Doc. No. 36); *United States v. Lazcano-Villalobos*, 33 F. App'x. 927, 928 (10th Cir. 2002) ("As regards

the question of whether the substance of the plea offers was communicated to the defendant, the district court accepted defense counsel's representations that the plea offers were communicated. *It is immaterial if the documents themselves were not given to defendant, as long as he was aware of their contents*") (emphasis added);  *cf. Cullen v. United States*, 194 F.3d 401, 404 (2d Cir. 1999) ("there can be no doubt that counsel must always communicate to the defendant *the terms of any plea bargain offered by the prosecution*") (emphasis added).  This broad view of the issue also embraces the dispute over whether Mr. Ortiz ever discussed the June 27th offer with Defendant, because conveying the terms necessarily implicates discussion, in some form, of the existence of an offer and the terms of that offer.  Therefore, the Court will conduct its *de novo* review focusing on the broader issue of Defendant's credibility with respect to whether Mr. Ortiz conveyed the terms of the June 27th offer.

     Having reviewed the entire transcript of the evidentiary hearing, the related exhibits and other relevant portions of the record, the Court finds that the Magistrate Judge properly concluded that Defendant's allegations that Mr. Ortiz did not convey the terms of the June 27th offer are not credible.  In support of her conclusion, the Magistrate Judge referred to the June 27, 2001 facsimile correspondence from AUSA Wykoff to Mr. Ortiz conveying the June 27th offer and on which Mr. Ortiz' made hand-written calculations concerning the terms of that offer.  *See* Second PF&RD at 18 (Doc. No. 36) (citing *Exhibits to Clerk's Minutes*, Ex. 8 (Doc. No. 34)).  While the Magistrate Judge concluded that these hand-written calculations indicate that Mr. Ortiz discussed the June 27th offer with Defendant, the Court finds that these calculations may only reflect Mr. Ortiz' thought process and are not dispositive of whether Mr. Ortiz actually discussed the offer with Defendant.

While Mr. Ortiz' notes do not weigh heavily in the Court's credibility analysis, other testimony and evidence in the record ultimately support the Magistrate Judge's credibility findings. The Magistrate Judge found Mr. Ortiz' testimony that he conveyed the terms of the June 27th offer to Defendant to be credible because of a June 28, 2001 facsimile correspondence with AUSA Wykoff and the testimony of Mr. Pierce-Varela and AUSA Abernathy. *See* Second PF&RD at 20 (Doc. No. 36). While AUSA Abernathy's testimony does not clearly indicate whether Mr. Ortiz conveyed the terms of the June 27th offer to Defendant, the other testimony and evidence upon which the Magistrate Judge relied corroborate Mr. Ortiz' testimony and support the Magistrate Judge's finding. Throughout the evidentiary hearing, Mr. Ortiz alluded to a meeting involving Defendant, Mr. Ortiz and Mr. Pierce-Varela, the attorney for Juan Silva-Cardoza, one of Defendant's co-defendants, during which they discussed the terms and benefits of the June 27th offer and the potential consequences of not accepting that offer. *See* Evidentiary Hearing Transcript at 68, 72-73; Evidentiary Hearing Transcript (FTR) at 8-10. Unfortunately, while the participants recall attending the meeting, no one can remember the precise date on which it occurred.[6] *See* Evidentiary Hearing Transcript at 25, 68, 72-73, 89-90. Nonetheless, Mr. Ortiz testified that he presumed this meeting occurred on June 26, 2001 because Mr. Pierce-Varela called him on that date concerning a "new" plea offer. Mr. Ortiz went on to say that he must have invited Mr. Pierce-Varela to attend a meeting scheduled later that day between Mr. Ortiz and Defendant to discuss the new offer. *See* Evidentiary Hearing

---

[6] Although Defendant originally asserted that such a meeting never occurred, he admitted during the evidentiary hearing that he did confer with another attorney in the presence of Mr. Ortiz during one of their scheduled meetings. *Compare Petitioner's Reply Brief Re: To Respondent's Answer to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255* at 6 (Doc. No. 10) *with* Evidentiary Hearing Transcript at 25.

Transcript at 72-73.  Mr. Pierce-Varela testified that he had no reason to doubt Mr. Ortiz' presumption.  *Id*. at 89-90.  Although the government did not officially extend the June 27th offer until June 27, 2001, Mr. Ortiz testified that the June 27th offer was likely extended verbally prior to being officially extended via facsimile.  Mr. Pierce-Varela's June 26, 2001 phone message appears to corroborate that testimony.  *See* Evidentiary Hearing Transcript (FTR) at 6; *Exhibits to Clerk's Minutes*, Ex. 7 (Doc. No. 34).

     Several other portions of the record support Mr. Ortiz' recollection that he conveyed the June 27th offer to Defendant at their June 26, 2001 meeting and that the two met with Mr. Pierce-Varela on that date.  For example, Mr. Ortiz' June 28, 2001 facsimile correspondence appears to confirm his recollection that the meeting occurred prior to that date because it indicates that Mr. Ortiz left for vacation for nearly two weeks thereafter.  *See Exhibits to Clerk's Minutes*, Ex. 6 (Doc. No. 34).  As the cover letter to the June 27th offer indicates, the offer was set to expire on July 6, 2001, and Mr. Ortiz was not scheduled to return from vacation until July 9, 2001.  *See Id.*, Exs. 1, 6.  The June 27th offer was a "package deal," like the June 13th offer, requiring all the defendants to plead guilty as a group.  *See* Evidentiary Hearing Transcript at 58-59, 61-62; Evidentiary Hearing Transcript (FTR) at 13-14.  Accordingly, Mr. Ortiz would have needed to know how Defendant wished to proceed prior to leaving for vacation so that Mr. Ortiz could inform counsel for the other co-defendants of Defendant's decision.

     Although the government eventually gave all of the defendants an extension of time in which to respond to the June 27th offer, the record is not clear as to when those extensions were actually given.  *See* Evidentiary Hearing Transcript at 40, 91.  The June 28, 2001 facsimile correspondence from Mr. Ortiz to AUSA Wykoff indicates that Mr Ortiz did not request an

extension, but instead immediately responded to the June 27th offer.  *See Exhibits to Clerk's Minutes*, Ex. 6 (Doc. No. 34).  As the Magistrate Judge noted, it is highly unlikely that Mr. Ortiz would have responded to the June 27th offer without first discussing that offer with Defendant.  *See* Second PF&RD at 19 (Doc. No. 36).  Similarly, if Mr. Ortiz had not discussed the June 27th offer with Defendant at their June 26, 2001 meeting, it is likely that Mr. Ortiz would have responded to the government by requesting an extension of time until after he returned from vacation and had an opportunity to discuss the offer with Defendant.  Given Mr. Ortiz' response in the June 28, 2001 facsimile, Mr. Ortiz' and Mr. Pierce-Varela's specific recollections of discussing the June 27th offer with Defendant, and Defendant's own acknowledgment that he conferred with another attorney during a scheduled meeting with Mr. Ortiz, the weight of the evidence in the record suggests that Mr. Ortiz conveyed the terms of the June 27th offer to Defendant and that he likely did so in tandem with Mr. Pierce-Varela on June 26, 2001.  Therefore, the Court finds that the Magistrate Judge properly concluded that Mr. Ortiz' testimony was credible.  In sum, because the record supports Mr. Ortiz' version of the events surrounding the June 27th offer, Defendant's assertion that Mr. Ortiz never conveyed the offer or discussed it with Defendant is without merit.

### B.     DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION

In the Second PF&RD, the Magistrate Judge recommended that Defendant's remaining ineffective assistance of counsel claim and this case be dismissed with prejudice.  *See* Second PF&RD at 21 (Doc. No. 36).  Defendant generally objects to the Magistrate Judge's recommended disposition, relying largely on the same objections he raised to the Magistrate Judge's credibility findings.  *See generally* Defendant's Objections (Doc. No. 37).  For the

reasons set forth below, Defendant's objections to the Magistrate Judges' recommended disposition are without merit. Consequently, the Court adopts the recommended disposition and dismisses Defendant's ineffective assistance of counsel claim and this case with prejudice.

To successfully establish a claim of ineffective assistance of counsel, the defendant must show (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). The Court may address these prongs in any order and need not address both if it concludes that the defendant failed to satisfy either one. *Id*. at 697. With respect to the first prong, the Court evaluates reasonableness under prevailing professional norms and in light of all the circumstances. *Edens v. Hanigan,* 87 F.3d 1109, 1114 (10th Cir. 1996). In conducting its evaluation, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and it is, therefore, the defendant's burden to overcome this presumption. *Id*. (quoting *Strickland*, 466 U.S. at 689) (internal quotation marks omitted). As to the second prong, a reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 664.

In this case, Defendant's claim fails under both prongs. As established above, Defendant's testimony that Mr. Ortiz failed to convey the terms of the June 27th offer to Defendant is not credible. Accordingly, and without other evidence or testimony to suggest otherwise, Defendant cannot prove that Mr. Ortiz' conduct fell below a reasonable standard of professional conduct. Thus, as Mr. Ortiz is entitled to a presumption of reasonable professional conduct, Defendant cannot satisfy the first prong of the *Strickland* test.

Even if Defendant could satisfy the first prong, his claim would ultimately fail under the second prong because nothing in the record, beyond his own testimony, suggests that he would have accepted the June 27th offer and changed the outcome of the proceedings.  The Tenth Circuit has held that a defendant's self-serving testimony that he would have accepted a plea offer is insufficient to satisfy the second prong of the *Strickland* test.  *See e.g. Bachicha v. Shanks*, 66 F.3d 338 (10th Cir. 1995) (unpublished opinion); *United States v. Morris*, 106 Fed. Appx. 656, 658-659 (10th Cir. 2004)*; see also Short v. United* States, 471 F.3d 686, 698 (6th Cir. 2006).  Instead, the defendant must produce objective evidence that he would have accepted the plea offer.  *Bachicha,* 66. F.3d at 338.

Defendant testified at the evidentiary hearing that he would have accepted the June 27th offer if he had known about it.  *See* Evidentiary Hearing Transcript at 15-16.  However, other evidence and testimony in the record contradict Defendant's testimony.  First, Mr. Pierce-Varela testified that Defendant, who apparently is an adherent of Santeria[7], informed Mr. Pierce-Varela during their meeting that the plea offer did not matter because the "bones" showed Defendant that he would not be convicted.  *Id*. at 68-69  Second, and more importantly, Defendant has repeatedly asserted his innocence following his conviction.  It strains credulity for Defendant, who was so adamant in proclaiming his innocence, to now claim that he would have pled guilty, especially in light of Mr. Pierce-Varela's testimony.  *See e.g. Exhibits to Clerk's Minutes*, Exs. 3, 5 (Doc. No. 34).  Thus, Defendant has wholly failed to provide the Court with any evidence that he would have accepted the June 27th offer had he known about it.

---

[7] Santeria is an Afro-Carribean religion that combines Catholicism with the native Western African Yoruba religion and apparently encompasses divination through the positioning of animal bones.

For the foregoing reasons, the Court agrees with the Magistrate Judge's conclusion that Defendant's claim of ineffective assistance of counsel lacks merit.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's *Second Proposed Findings and Recommended Disposition* (*Doc. 36*) are ADOPTED by the Court.

**IT IS FURTHER ORDERED** that Defendant Alvarez' *Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 4*) is DENIED, and that this case be DISMISSED WITH PREJUDICE.

_____
SENIOR UNITED STATES DISTRICT JUDGE